THOMSON ELECTRIC WELDING CO. v. NORTH & JUDD
MFG. CO. et al.

(District Court, D. Connecticut. June 19, 1913.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ELECTRICAL TRANSFORMERS.
    The Lemp patent, No. 564,331, and the Rietzel patent, No. 649,171, each for an electrical transformer for an electric welding machine, narrowly construed as required by the prior art, *held* not infringed.

In Equity. Suit by Thomson Electric Welding Company against North & Judd Manufacturing Company and others. On final hearing. Decree for defendants.

Henry C. Townsend, of New York City (F. P. Fish, of New York City, of counsel), for complainant.

Edwards, Sager & Wooster, of New York City (Thomas Howe and Clifton V. Edwards, both of New York City, of counsel), for defendants.

HOLT, District Judge. This is a suit to restrain the alleged infringement of two patents, owned by the complainant, relating to the art of electric welding, one numbered 564,331, dated July 21, 1896, granted to Hermann Lemp, and one numbered 649,171, dated May 8, 1900, granted to Adolph F. Rietzel. The inventions relate to electrical transformers, by which, in welding machines, currents of high volts and low amperes are transformed into currents of low volts and high amperes. The transformer comprises a primary coil and a secondary coil, each mounted on an iron core. An electric current passed through the primary coil develops magnetism in the core which induces a current in the secondary coil. By changing the relation between the turns in the primary and the secondary coils the force or flow of the current is transformed. The inventions in the patents in suit relate essentially to the construction of the secondary coil.

The art of electric welding was made commercially successful largely by the machine devised and patented by Elihu Thomson. His

patents were owned by the complainant and have now expired. The complainant relies in this suit on claims 2, 3, and 9 in Lemp's patent, and on claims 1, 2, and 3 in Rietzel's patent.

Lemp's description in the patent of the object of his invention is as follows:

"The object of my invention is to do away with all joints or sliding contacts in electric metal-working apparatus wherein the current is supplied from the secondary of a transformer to reduce the weight of material and the cost.

"To this end my invention consists, essentially, in making the whole secondary circuit continuous or without joint or break and attaching or securing the terminals or work-holding devices directly to said secondary, which latter is made movable at its polar portion or part, to which the said holder is secured.

"In carrying out my invention I preferably construct the secondary as a flexible conductor made up preferably of a number of copper strips.

"It is desirable to construct the secondary entirely of the copper strips of flexible pieces; but it would be within my invention to make the terminals only flexible, the workholders being attached directly to said flexible terminals and being movable without sliding contact by reason of such flexibility."

"It will be observed that in all cases the secondary is itself practically continuous or unbroken throughout its whole length, and that the workholders or terminals are always in solid electrical connection therewith during their movement, and yet that there is no sliding contact or joint in the whole circuit.

"While I have described the use of thin flexible strips, and prefer to employ them as they may be made of rolled copper, I do not limit myself to strips or ribbons, but may make up the secondary from any pieces having suitable flexibility."

## Claims 2, 3, and 9 of Lemp's patent are as follows:

"2. In a transformer, the combination with a primary, of a secondary formed in a single turn and composed of the turn, and workholders secured to the poles of said secondary.

"3. In an electric metal-working apparatus, a transformer having a U-shaped flexible secondary constructed of thin sheets or strips of copper and laminated in planes transverse to the line of movement of the workholders, as and for the purpose described."

"9. A transformer secondary consisting of a mass of rolled copper strips forming a flexible support for the workholders and movable in the magnetic field of a fixed primary."

In view of the prior art, and particularly as shown in the various patents issued to Thomson, these claims must be construed narrowly. In my opinion, the only novelty in these claims is the construction of a secondary of one turn, composed of laminated metal strips preferably of copper, with workholders secured to the poles of the secondary, and movable in the magnetic field of a fixed primary. It seems to me questionable whether there would be invention involved in making a secondary composed of one turn instead of two or more; if there was, such a secondary is shown in the Thomson patent 375,-784. Secondaries formed of copper cables, constituting flexible leads, were old. Claim 6 as originally stated in Lemp's application was as follows:

"6. In an electric metal-working apparatus, a transformer having a flexible secondary constructed of thin sheets or strips of copper, as and for the purpose described."

This claim was rejected by the Examiner as follows:

"Claims 6 and 7 are rejected on No. 408,875, cited above. There is no invention in substituting a number of copper strips for a number of copper wires, it being common to use superimposed strips for induction coils as shown by patent No. 217,466, July 15, 1870, Le Conte, Induction Coils, No. 447,569, March 3, 1891, Kennedy, Transformers, Stationart."

Lemp acquiesced in this decision of the Examiner and thereupon canceled the claim. I do not see, therefore, how he has a valid claim for the use of laminated strips of metal alone. The use of a flexible secondary was old, as shown by the use of flexible cables, and Lemp's claim for that was disallowed and canceled by him. Workholders secured to the ends of the poles of the secondary were old, were disallowed, and were canceled. A secondary movable in the magnetic field of a fixed primary was old. I think, however, the complainant's patent may be upheld for the precise combination described; that is, a secondary entirely composed of one turn of flexible laminated strips of copper, without joints, with the workholders secured to the poles of the secondary, the secondary being movable in the magnetic field of the primary.

The defendant's welding machine which is alleged to infringe differs from the machine described in Lemp's patent in the following respects: Instead of the secondary being entirely composed of laminated copper strips, the defendants' secondary is composed at the base of a solid copper bar, to each end of which laminated copper strips are attached, which lead up to the workholders. The upper portion of these laminated strips leading up to the workholders are not the seat of any practically useful electromotive force derived from the magnetic field of the primary. There has been much evidence given on this point. I am satisfied, however, that while there is a minute amount of electromotive force induced in these flexible leads, it is not only so small in amount as to be practically negligible, but in fact, if it has any effect, it tends to oppose the useful electromotive force developed by the primary. The laminated strips, therefore, in the defendants' machine, at least in their upper parts, are in my opinion mere leads or vehicles, rather than parts of the secondary. It follows that the defendants' machine does not infringe the Lemp patent. It does not infringe claim 2 because it is not "composed of metal strips," and also because the workholders are not "secured to the poles of said secondary." It does not infringe claim 3 because the secondary is not "flexible," and is not "constructed of thin sheets or strips of copper." It does not infringe claim 9 because it is not "consisting of a mass of rolled copper strips," and also because it is not "movable in the magnetic field of a fixed primary."

The Rietzel patent seems to me to be a patent for a secondary having two or more coils. It is so described in the specifications, and in all the claims except the first three, which are the ones relied on. In those claims the terms "coils or turns" are used in the plural and I think refer to those described in the specifications. If this view is correct, the defendants' machine does not infringe, for it is formed with but one turn. But if the first three claims of the Rietzel patent

are construed to include a secondary with one turn, then I do not see why they are not anticipated by the Lemp patent and the general prior state of the art.

The bill is dismissed, with costs.